# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RONEY NOVAES PEREIRA,

    Petitioner,

v.

                                    Case No. 1:26-cv-02158-MIS-GBW

MELISSA ORTIZ, Warden of Torrance County Detention Facility; JOEL GARCIA, Acting Director of U.S. Immigration and Customs Enforcement El Paso Field Office; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

    Respondents.

## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER

This matter is before the Court on the Verified Petition for Writ of Habeas ("Petition"), filed by Roney Novaes Pereira on July 5, 2026. ECF No. 1. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 2.

Petitioner is an immigration detainee at the Torrance County Detention Center. Pet. ¶ 6, ECF No. 1. Petitioner is a citizen of Brazil who entered the United States in February 2018 on a B-2 visa, later changed to an F-1 student visa. Id. ¶ 27. Petitioner overstayed his visa and pursued an employer-sponsored EB-3 visa. Id. ¶¶ 6, 27. In June 2025, Petitioner was pulled over while driving in Florida and, because his license had expired, was arrested by local police on a misdemeanor offense. Id. ¶ 6. Petitioner was transferred to ICE custody where he has remained detained under 8 U.S.C. § 1226(a). Id. ¶ 6. Petitioner received two bond hearings, one in January

2026 and one in February 2026, and was denied bond at both as a flight risk. Id. ¶¶ 7-8. Petitioner previously sought release via a pro se habeas petition challenging his detention on "broad constitutional terms." Id. ¶¶ 39-40. That petition was denied because he received bond hearings and remained eligible for further bond review. Id. ¶ 42.

Petitioner now challenges his detention based on the adequacy of his bond hearings, id. ¶¶ 45-58, under the Fifth Amendment and the Immigration and Nationality Act, id. ¶¶ 92-96. Petitioner seeks immediate release or a bond hearing in this Court at which the Government bears the burden of proof. Id. at 32-33.

Having reviewed the record, the Petition may raise a colorable claim for relief. Petitioner has now been held in custody for over twelve months. See id. ¶ 6. This Court has granted release to petitioners held under 8 U.S.C. 1226(c) and 8 U.S.C. § 1225 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Deborne v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566, at *3 (D.N.M. June 11, 2026); Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *8 (D.N.M. Apr. 9, 2026). In light of those decisions, within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, she may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico

2

and/or from removing her from the United States during the pendency of this habeas action, absent a final order of removal.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE