**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONEY NOVAES PEREIRA,

    Petitioner,

v.

MELISSA ORTIZ, Warden of Torrance
County Detention Facility; JOEL GARCIA,
Acting Director of U.S. Immigration and
Customs Enforcement El Paso Field Office;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General
of the United States,

    Respondents.

Case No. 1:26-cv-02158-MIS-GBW

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Roney Novaes Pereira's Verified Petition

for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 5, 2026. Respondents Joel Garcia,

Markwayne Mullin, and Todd Blanche ("Federal Respondents"),[1] filed a Response on July 21,

2026, ECF No. 5.

Petitioner is an immigration detainee at the Torrance County Detention Center. Pet. ¶ 6,

ECF No. 1. Petitioner is a citizen of Brazil who entered the United States in February 2018 on a

B-2 visa, later changed to an F-1 student visa. Id. ¶ 27. Petitioner overstayed his visa and pursued

an employer-sponsored EB-3 visa. Id. ¶¶ 6, 27. In June 2025, Petitioner was pulled over while

---

[1]     Respondent Melissa Ortiz did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

driving in Florida and, because his license had expired, was arrested by local police on a misdemeanor offense. Id. ¶ 6. Petitioner was transferred to ICE custody where he has remained detained under 8 U.S.C. § 1226(a). Id. Petitioner received two bond hearings, one in January 2026 and one in February 2026, and was denied bond at both as a flight risk. Id. ¶¶ 7-8. At the January 6, 2026, bond hearing the Immigration Judge (IJ) denied bond because "[Petitioner] has not met his burden of showing that he not a flight risk." Id. ¶ 7; Order of the IJ at 1, ECF No. 5-3.

Petitioner previously sought release via a pro se habeas petition challenging his detention on "broad constitutional terms." Pet. ¶¶ 39-40, ECF No. 1. The court found that 8 U.S.C. § 1226(a) "governs Petitioner's detention" and denied his petition because he received bond hearings and remained eligible for further bond review. Pereira v. Lyons, No. 1:26-CV-00212-KG-JHR, 2026 WL 1230245, *1-2 (D.N.M. May 5, 2026); Pet. ¶ 42, ECF No. 1. Petitioner now challenges his detention based on the adequacy of his bond hearings, id. ¶¶ 45-58, under the Fifth Amendment and the Immigration and Nationality Act, id. ¶¶ 86-96. Petitioner seeks immediate release or a bond hearing in this Court at which the Government bears the burden of proof. Id. at 32-33.

The Court issued an Order to Show Cause stating that this "Court has granted release to petitioners held under 8 U.S.C. 1226(c) and 8 U.S.C. § 1225 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future." ECF No. 3 at 2 (citing Deborne v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01657-MIS-KRS, 2026 WL 1694566, at *3 (D.N.M. June 11, 2026); Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *8 (D.N.M. Apr. 9, 2026)). The Court further stated "[i]n light of those decisions, within ten (10) business days of entry of this Order, the United States Attorney's Office ('USAO') shall respond to the Petition and show cause why the requested relief should not be granted" and "[t]he USAO's answer MUST specify whether the Court has already ruled on the

2

legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id. Respondents filed a response that did not address prolonged detention. See generally Resp., ECF No. 5.

Instead, Respondents argue for preservation purposes that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 2. Respondents, however, acknowledge "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court." Id. (citing ___ F.4th ___, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)) (footnote omitted). Respondents do not object to "a bond hearing" but do object to "immediate release." Id. at 3.

Petitioner has now been in custody for twelve months. Pet. ¶ 31, ECF No. 1. Petitioner's appeal of the denial of his application for asylum and withholding of removal is ongoing, id. ¶ 33, a process which may take many more months, Fuenmayor v. Mullin, 2:26-cv-01936-MIS-GJF, ECF No. 6 at 3-4 (D.N.M. July 13, 2026). "After [a] 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (citing Zadvydas, 533 U.S. at 701). The Court asked the Government to show cause as to whether Petitioner had been held in prolonged detention in violation of his rights. ECF No. 3 at 2. Respondents made no argument regarding prolonged detention. See generally Resp., ECF No. 5.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and

3

the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

This Court has granted release to petitioners held under 8 U.S.C. § 1226 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Sanchez Lopez v. Blanche, No. 1:26-CV-1915-MIS-SCY, 2026 WL 1960834, at *3 (D.N.M. July 7, 2026). Petitioner is in a similar position. As Petitioner has been in custody for twelve months, has an ongoing appeal, and as Respondents have provided no evidence that his removal is forthcoming, the Court finds that Respondents failed to satisfy their evidentiary burden of showing there is a significant likelihood of removal in the reasonably foreseeable future. The Court therefore finds Petitioner's detention is unreasonably prolonged in violation of his constitutional rights. Id. at *2-4. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate conditional release. See generally Resp., ECF No. 5.

Accordingly, it is **HEREBY ORDERED** that:

1.   Petitioner Roney Novaes Pereira's Verified Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.   Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.   Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration

4

proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

4.     Respondents **SHALL** file a Notice of Compliance with this Order; and

5.     The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE